## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DENISE VAN VLIET | ) | |
| | ) | Case No. 1:17-cv-3077 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| ILLINOIS DEPT. OF HUMAN | ) | |
| SERVICES | ) | |
| Defendants. | ) | |

### COMPLAINT

NOW COMES Plaintiff DENISE VANVLIET by and through her attorneys, O'Connor |

O'Connor, P.C., and brings the following Complaint against Defendant ILLINOIS

DEPARTMENT OF HUMAN SERVICES and in support thereof states as follows:

### NATURE OF ACTION

1.  Plaintiff Denise Van Vliet brings this action to redress violations of Title VII of the Civil

    Rights Act of 1964 and the Americans with Disabilities Act (42 U.S.C. §2000e) arising

    from Plaintiff's treatment in and termination from, her employment with Defendant.

2.  Plaintiff seeks awards of compensatory damages, punitive damages, back pay and

    benefits, front pay and benefits, attorney's fees, costs, other monetary damages, other

    equitable and injunctive relief, and all other relief available under the aforemented laws.

### JURISDICTION AND VENUE

3.  Counts I through III, and VIII through XI are brought pursuant to Title VII of the Civil

    Rights Act of 1964 (42 U.S.C. §2000e); Counts IV through VII and XII are brought

pursuant to The Americans with Disabilities Act 42 U.S.C. §12111 *et. seq.*; This Court

has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

4.  Ms. Van Vliet has exhausted all of her administrative remedies. She received her right to

    sue letters from EEOC dated January 23, 2017, February 1, 2017, and February 7, 2017.

5.  Venue is proper under 28 U.S.C. 1391(b) because the events giving rise to the claims

    alleged herein occurred within the Northern District of Illinois.

**GENERAL FACTUAL ALLEGATIONS**

8.  Ms. Van Vliet is a 50 year old female who worked for Defendant from June 2008 until

    October 4, 2016.

9.  Ms. Van Vliet signed a contract to work for Defendant in June 2008 and assigned

    Richard Robarts as her supervisor. Her contract was renewed annually by Mr. Robarts.

10. She worked out of Defendant's DeKalb office.

11. Ms. Van Vliet worked for Defendant as a Staff Sign Language interpreter during this

    time. Specifically, she worked in Defendant's Division of Vocational Rehabilitation

    Services.

12. Ms. Van Vliet provided sign language interpretation for Mr. Robarts who is deaf.

13. Ms. Van Vliet suffers from Post-Traumatic Stress Disorder. This condition substantially

    limited one or more major life activities such as concentrating, thinking, communicating,

    and working. It also affects major bodily functions such as neurological and brain

    functions.

14. At all relevant, Ms. Van Vliet was able to perform the essential functions of her position

    with or without a reasonable accommodation.

15. Ms. Van Vliet also practices Kriya Yoga as her religion.

16. Ms. Van Vliet sincerely holds this religious belief.

17. In late October 2015, Andre Howard, Mr. Robarts' supervisor, told him and Ms. Van Vliet that she needed to "stop being so over the top."

18. Neither Mr. Robarts nor Ms. Van Vliet knew what Mr. Howard was referencing.

19. In early November 2015, Mr. Howard spoke with Mr. Robarts without Ms. Van Vliet. Mr. Howard told Mr. Robarts that he was planning on overruling him and terminating Ms. Van Vliet's contract. Ms. Van Vliet witnessed the threat of termination being signed to Mr. Robarts.

20. Upon witnessing this threat, Ms. Van Vliet's PTSD was triggered.

21. On December 3, 2015, Lou Hamer, Bureau Chief of Defendant's Division of Rehabilitation Services, terminated Ms. Van Vliet.

22. Mr. Hamer quickly reversed the termination later that morning on December 3, 2015 after Ms. Van Vliet informed of Mr. Howard's behavior triggering her PTSD.

23. Mr. Howard was furious that Ms. Van Vliet's termination was reversed.

24. On December 8, 2015, Mr. Howard told Mr. Robarts that he would not authorize Mr. Robarts to renew Ms. Van Vliet's contract in June of 2016.

25. On December 30, 2015, Ms. Van Vliet sent an email to Mr. Hamer and Assistant Bureau Chief Mary Beth Scholton that described the hostile work environment she was subject to and that she was seeking treatment as a result of the reversed termination.

26. Mr. Hamer responded to this email by telling Ms. Van Vliet "to stop with the accusations and e-mails" and to "let it go if there are no new issues."

27. Around January 2016, Mr. Robarts filed a Charge of Discrimination with the EEOC.

28. Also starting in January 2016, Mr. Howard ordered Ms. Van Vliet to sign into the visitor's sign-in sheet even though she was an employee.

29. Upon being notified of the charge Mr. Howard acted as if Ms. Van Vliet had filed the charge.

30. On the day he learned of the charge, Mr. Howard charged at Ms. Van Vliet in the office kitchen so aggressively that she had to step to the side to avoid colliding with him.

31. A few days later, Mr. Howard got very close to Ms. Van Vliet and yelled at her for not having her employee badge. He would repeatedly interrupt her as Ms. Van Vliet as she was interpreting for Mr. Robarts during this incident.

32. Ms. Van Vliet was not responsible for issuing her employee badge for the new year and had simply not received hers yet.

33. Ms. Van Vliet protested and told Mr. Howard to not stand so close to her.

34. Despite Mr. Howard's behavior, he was not disciplined for confronting Ms. Van Vliet in the manner that he did, but Ms. Van Vliet was disciplined for this encounter.

35. In March 2016, Ms. Van Vliet filed her first Charge of Discrimination with the EEOC.

36. In May 2016, Thaddis Goss, the Home Services Coordinator for the Dekalb Office, told Ms. Van Vliet that Mr. Howard was planning to have her fired.

37. In order to cope with the stress of the situation, Ms. Van Vliet turned to her religion, Kriya Yoga.

38. Since she was being forced to sign into the visitor's sheet every day, after signing her name, Ms. Van Vliet would also write in "Karma to Andre."

39. A central tenet of Ms. Van Vliet's religion is that God abides in everyone and everything through Karma. The writing of "Karma to Andre" was done to give blessings to Mr. Howard in hopes of lessening the tension of the situation at the time.

40. Ms. Van Vliet's therapist also recommended that she do this to help her deal with the stressful environment that Mr. Howard was creating.

41. Ms. Scholton demanded that Ms. Van Vliet stop writing "Karma to Andre" even after Ms. Van Vliet explained her religious and therapeutic reasons for writing it.

42. To comply with Ms. Scholton's demand, Ms. Van Vliet instead would sign in as "Denise KTA Van Vliet."

43. Despite this change, Ms. Van Vliet was later suspended for two weeks on August 4, 2016 for writing 'KTA' when she signed into the visitor sheet.

44. In June 2016, Ms. Van Vliet's contract was renewed by Mr. Robarts.

45. Mr. Howard was very irritated by Ms. Van Vliet's contract renewal.

46. While she was out on suspension, Ms. Van Vliet emailed Ms. Scholten to say that she was concerned about how her being suspend would affect Mr. Robarts' ability to communicate and with her interpretation as his reasonable accommodation.

47. When Ms. Van Vliet returned on August 19, 2016, she met with Mr. Hamer to discuss Mr. Howard's hostile behavior towards her and how this affected Mr. Robarts too.

48. In this meeting, Ms. Van Vliet mentioned that Mr. Howard was "triggering her" with his behavior.

49. She reiterated her concern about Mr. Robarts not having her interpretation skills as his reasonable accommodation to perform his job.

50. Ms. Van Vliet had complained previously about Defendant's policy regarding sign language use in the office and how they had an adverse effect on Mr. Robarts.

51. Mr. Hamer told Ms. Van Vliet that he would speak with Ms. Scholten about this and get back to her.

52. Ms. Van Vliet did not hear back from Hamer on these topics.

53. In September 2016, Ms. Van Vliet was positioned outside of Mr. Robarts office to perform her usual duties of sign language interpretation. This position is the most effective location for Mr. Robarts to see her interpretation.

54. Upon seeing her in this location, Mr. Howard charged at Ms. Van Vliet in a threatening manner and forced her into a break room.

55. As he had previously done, Mr. Howard got close to Ms. Van Vliet's face and began yelling at her.

56. Mr. Howard said she "wasn't supposed to sit there" and that "her place was at Richard's side."

57. Ms. Van Vliet told Mr. Howard that his remarks and demeanor were "sexist," "dehumanizing," and "offended her."

58. This response angered Mr. Howard even more.

59. Prior to this confrontation, Ms. Van Vliet explained to Mr. Howard multiple times that she would sit in the best location that was most accessible for effective communication with Mr. Robarts, and sitting next to him was not the most accessible location for Mr. Robarts.

60. Two days later, Ms. Van Vliet was terminated by Mr. Hamer via a letter.

61. Mr. Hamer whistled when he gave the termination letter to Ms. Van Vliet.

**COUNT I**
**SEX DISCRIMINATION: HOSTILE WORK ENIVRNOMENT**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

62. Paragraphs 1 through 61 are hereby restated and re-alleged as if fully set forth in this Count I

63. Illinois Department of Human Services was an employer of Plaintiff under Title VII.

64. Plaintiff was an employee of Illinois Department of Human Services under Title VII.

65. Plaintiff was subjected to severe and pervasive sex discrimination during her employment with Defendant Illinois Department of Human Services which created a hostile working environment and altered the terms and conditions of her employment.

66. The sex discrimination inflicted on Plaintiff was perceived by her to be highly offensive and abusive.

67. The sex discrimination inflicted on Plaintiff was objectively offensive, such that a reasonable person would consider the treatment to be extremely offensive and abusive.

68. Defendant Illinois Department of Human Services acted with malice or reckless disregard for Plaintiff's federally protected rights under Title VII.

69. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer great emotional distress, mental anguish, humiliation, and embarrassment; as well as having suffered losses in wages and benefits and other pecuniary losses.

**WHEREFORE**, Plaintiff Denise Van Vliet seeks the following relief:

a. Declaration that Defendant Illinois Department of Human Services has violated Plaintiff's rights under Title VII;

b.   An award of all salary, wages, and benefits including, but not limited to: back pay, front

pay, past and future pecuniary losses, and prejudgment interest;

c.   An award of compensatory damages in an amount to be determined at trial;

d.   An award of punitive damages in an amount to be determined at trial;

e.   An award of the costs of this action and reasonable attorney's fees;

f.   All other damages and relief, legal or equitable, authorized under Title VII; and

g.   Such other and further relief as this Court may deem just and equitable.

**COUNT II**
**SEX DISCRIMINATION: RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

70. Paragraphs 1 through 61 are hereby restated and re-alleged as if fully set forth in this

Count II.

71. Plaintiff engaged in protected activity when she complained of the sex discrimination in

the workplace.

72. Shortly after complaining of the sex discrimination she was facing, Plaintiff was

terminated.

73. By conduct including, but not limited to that described above, Defendant intentionally

retaliated against Plaintiff because of her participation in protected activity under the

Title VII.

74. By conduct including, but not limited to that described above, Defendant acted with

malice or reckless disregard for Plaintiff's federally protected rights under Title VII.

75. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and

continues to suffer substantial losses in wages and benefits, other past and future

pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Denise Van Vliet seeks the following relief:

a. Declaration that Defendant Illinois Department of Human Services has violated Plaintiff's rights under Title VII;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d. An award of punitive damages in an amount to be determined at trial;

e. An award of the costs of this action and reasonable attorney's fees;

f. All other damages and relief, legal or equitable, authorized under Title VII; and

g. Such other and further relief as this Court may deem just and equitable.

## COUNT III
## SEX DISCRIMINATION: TERMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

76. Paragraphs 1 through 61 are hereby restated and re-alleged as if fully set forth in this Count III.

77. By conduct including but not limited to that described above, Plaintiff was treated differently and less favorably than similarly situated male employees during the course of her employment with Defendant Illinois Department of Human Services. As a result, she was subject to different terms and conditions of employment and terminated due to her sex.

78. By conduct including but not limited to that described above, Defendant Illinois Department of Human Services intentionally discriminated against Plaintiff because of

her sex in the enjoyment of the benefits, privileges, and terms and conditions of her employment, in violation of Title VII.

79. By conduct including but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under Title VII.

80. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Denise Van Vliet seeks the following relief:

a. Declaration that Defendant Illinois Department of Human Services has violated Plaintiff's rights under Title VII;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d. An award of punitive damages in an amount to be determined at trial;

e. An award of the costs of this action and reasonable attorney's fees;

f. All other damages and relief, legal or equitable, authorized under Title VII; and

g. Such other and further relief as this Court may deem just and equitable.

## COUNT IV
## DISABILITY DISCRIMINATION: FAILURE TO ACCOMODATE
## AMERICANS WITH DISABILITIES ACT

81. Paragraphs 1 through 61 are hereby restated and re-alleged as if fully set forth in this Count IV.

82. At all relevant times, Plaintiff was disabled within the meaning of the ADA because she suffered from Post-Traumatic Stress Disorder. These conditions substantially limited one or more major life activities for Plaintiff.

83. At all relevant times, Plaintiff was capable of performing all of the essential functions of her job position with or without a reasonable accommodation.

84. Defendants were aware of Plaintiff's disability because she notified Mr. Hamer in a December 2015 meeting and in her December 30, 2015 letter.

85. Plaintiff requested the accommodations in the form of including but not limited to: writing "Karma to Andre" on the visitor sign in sheet as recommended by her therapist and by notifying Mr. Hamer of Mr. Howard's actions that triggered her PTSD and asking him to stop it.

86. Defendant's actions were motivated by Plaintiff's disability, Defendant's perception of Plaintiff as disabled, and Plaintiff's requests for reasonable accommodations.

87. By conduct including, but not limited to that described above, Defendants failed to accommodate Plaintiff, and discriminated against her in violation of her rights under the ADA.

88. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Denise Van Vliet seeks the following relief:

a. Declaration that Defendant Illinois Department of Human Services has violated Plaintiff's rights under the ADA;

b.  An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c.  An award of compensatory damages in an amount to be determined at trial;

d.  An award of punitive damages in an amount to be determined at trial;

e.  An award of the costs of this action and reasonable attorney's fees;

f.  All other damages and relief, legal or equitable, authorized under the ADA; and

g.  Such other and further relief as this Court may deem just and equitable.

## COUNT V
## DISABILITY DISCRIMINATION: HOSTILE WORK ENVIRONMENT
## AMERICANS WITH DISABILITIES ACT

89. Paragraphs 1 through 61 are hereby restated and re-alleged as if fully set forth in this Count V.

90. At all relevant times, Plaintiff was disabled within the meaning of the ADA because she suffers from Post-Traumatic Stress Disorder. This condition substantially limited one or more major life activities such as concentrating, thinking, communicating, and working. It also affects major bodily functions such as neurological and brain functions.

91. At all relevant times, Plaintiff was capable of performing all of the essential functions of her job position with or without a reasonable accommodation.

92. Defendants were aware of Plaintiff's disability because she notified Mr. Hamer in December 2015 and in her December 30, 2015 letter.

93. Plaintiff requested the accommodations in the form of including but not limited to: writing "Karma to Andre" on the visitor sign in sheet as recommended by her therapist and by notifying Mr. Hamer of Mr. Howard's actions that triggered her PTSD and asking him to stop it.

94. Plaintiff also complained about the hostile treatment of a disabled person, her supervisor, Richard Robarts.

95. Plaintiff was subject to less favorable terms and conditions in her employment because of her complaints about Mr. Robarts' treatment.

96. Plaintiff was ultimately terminated shortly after one of her complaints about Mr. Robarts' treatment.

97. Plaintiff was subjected to severe harassment due to her disabilities during her employment with Defendant Illinois Department of Human Services which created a hostile working environment and altered the terms and conditions of her employment.

98. The disability discrimination inflicted on Plaintiff was perceived by her to be highly offensive and pervasive.

99. The disability discrimination inflicted on Plaintiff was objectively offensive, such that a reasonable person would consider the treatment to be extremely offensive and abusive.

100. Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under the ADA.

101. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer great emotional distress, mental anguish, humiliation, and embarrassment; as well as having suffered losses in wages and benefits and other pecuniary losses.

**WHEREFORE**, Plaintiff Denise Van Vliet seeks the following relief:

a. Declaration that Defendant Illinois Department of Human Services has violated Plaintiff's rights under the ADA;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d. An award of punitive damages in an amount to be determined at trial;

e. An award of the costs of this action and reasonable attorney's fees;

f. All other damages and relief, legal or equitable, authorized under the ADA; and

g. Such other and further relief as this Court may deem just and equitable.

## COUNT VI
## DISABILITY DISCRIMINATION: RETALIATION
## AMERICANS WITH DISABILITIES ACT

102.     Paragraphs 1 through 61 are hereby restated and re-alleged as if fully set forth in this Count VI.

103.     At all relevant times, Plaintiff was disabled within the meaning of the ADA because she suffers from Post-Traumatic Stress Disorder. This condition substantially limited one or more major life activities such as concentrating, thinking, communicating, and working. It also affects major bodily functions such as neurological and brain functions.

104.     At all relevant times, Plaintiff was capable of performing all of the essential functions of her job position with or without a reasonable accommodation.

105.     Defendants were aware of Plaintiff's disability because she notified Mr. Hamer in December 2015 and in her December 30, 2015 letter.

106.     Plaintiff requested the accommodations in the form of including but not limited to: writing "Karma to Andre" on the visitor sign in sheet.

107.     After complaining of the disability discrimination she was facing, the harassment and discrimination intensified ultimately leading to her termination.

108.     Additionally, Plaintiff also complained about the hostile treatment of a disabled person, her supervisor, Richard Robarts.

109.     Plaintiff was subject to less favorable terms and conditions in her employment because of her complaints about Mr. Robarts' treatment.

110.     Plaintiff was ultimately terminated shortly after one of her complaints about Mr. Robarts' treatment.

111.     By conduct including, but not limited to that described above, Defendant intentionally retaliated against Plaintiff because of her participation in protected activity under the ADA.

112.     By conduct including, but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under the ADA.

113.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Denise Van Vliet seeks the following relief:

a. Declaration that Defendant Illinois Department of Human Services has violated Plaintiff's rights under the ADA;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d.   An award of punitive damages in an amount to be determined at trial;

e.   An award of the costs of this action and reasonable attorney's fees;

f.   All other damages and relief, legal or equitable, authorized under the ADA; and

g.   Such other and further relief as this Court may deem just and equitable.

## COUNT VII
## DISABILITY DISCRIMINATION: TERMINATION
## AMERICANS WITH DISABILITIES ACT

114.     Paragraphs 1 through 61 are hereby restated and re-alleged as if fully set forth in this Count VII.

115.     At all relevant times, Plaintiff was disabled within the meaning of the ADA because she suffers from Post-Traumatic Stress Disorder. This condition substantially limited one or more major life activities such as concentrating, thinking, communicating, and working. It also affects major bodily functions such as neurological and brain functions.

116.     At all relevant times, Plaintiff was capable of performing all of the essential functions of her job position with or without a reasonable accommodation.

117.     Defendants were aware of Plaintiff's disability because she notified Mr. Hamer in December 2015 and in her December 30, 2015 letter.

118.     Plaintiff was terminated because of her disability and asking Defendant is stop the aggressive behavior of Mr. Howard that triggered her PTSD.

119.     By conduct including but not limited to that described above, Plaintiff was treated differently and less favorably than similarly situated non-disabled employees during the course of her employment with Defendant. As a result, she was subject to different terms and conditions of employment and terminated due to her disability.

120.    By conduct including but not limited to that described above, Defendant intentionally discriminated against Plaintiff because of her disability and/or her complaints about the treatment of a disabled co-worker in the enjoyment of the benefits, privileges, and terms and conditions of her employment, in violation of the ADA.

121.    By conduct including but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under the ADA.

122.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Denise Van Vliet seeks the following relief:

a.  Declaration that Defendant Illinois Department of Human Services has violated Plaintiff's rights under the ADA;

b.  An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c.  An award of compensatory damages in an amount to be determined at trial;

d.  An award of punitive damages in an amount to be determined at trial;

e.  An award of the costs of this action and reasonable attorney's fees;

f.  All other damages and relief, legal or equitable, authorized under the ADA; and

g.  Such other and further relief as this Court may deem just and equitable.

**COUNT VIII**
**RELIGIOUS DISCRIMINATION: FAILURE TO ACCOMMODATE**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

123.     Paragraphs 1 through 61 are hereby restated and re-alleged as if fully set forth in this Count VIII.

124.     Plaintiff has a sincerely held belief in the religion of Kriya Yoga.

125.     Plaintiff twice sought an accommodation for her religious practices by writing "Karma to Andre" or abbreviated as "KTA" on the visitor sheet she was forced to sign everyday.

126.     This act was religious in nature in accordance with Kriya Yoga.

127.     Defendant failed to accommodate Plaintiff's religious practice.

128.     Defendant suspended Plaintiff for this religious practice in August 2016.

129.     By conduct including but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under Title VII

130.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Denise Van Vliet seeks the following relief:

a.  Declaration that Defendant Illinois Department of Human Services has violated Plaintiff's rights under Title VII;

b.  An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c.  An award of compensatory damages in an amount to be determined at trial;

d.  An award of punitive damages in an amount to be determined at trial;

e.  An award of the costs of this action and reasonable attorney's fees;

f.   All other damages and relief, legal or equitable, authorized under the ADA; and

g.   Such other and further relief as this Court may deem just and equitable.

**COUNT IX**
**RELIGIOUS DISCRIMINATION: RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

131.    Paragraphs 1 through 61 are hereby restated and re-alleged as if fully set forth in

this Count VIII.

132.    Plaintiff has a sincerely held belief in the religion of Kriya Yoga.

133.    Plaintiff twice sought an accommodation for her religious practices by writing

"Karma to Andre" or abbreviated as "KTA" on the visitor sheet she was forced to sign

everyday.

134.    This act was religious in nature in accordance with Kriya Yoga.

135.    Plaintiff was engaged in protected activity under Title VII.

136.    Defendant failed to accommodate Plaintiff's religious practice.

137.    Defendant retaliated against Plaintiff by suspending her for this religious practice

in August 2016.

138.    Defendant retaliated against Plaintiff by ultimately terminating her a few months

after her suspension.

139.    By conduct including but not limited to that described above, Defendant acted

with malice or reckless disregard for Plaintiff's federally protected rights under Title VII

140.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff

suffered and continues to suffer substantial losses in wages and benefits, other past and

future pecuniary losses, great emotional distress, mental anguish, humiliation, and

embarrassment.

**WHEREFORE**, Plaintiff Denise Van Vliet seeks the following relief:

a.  Declaration that Defendant Illinois Department of Human Services has violated Plaintiff's rights under Title VII;

b.  An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c.  An award of compensatory damages in an amount to be determined at trial;

d.  An award of punitive damages in an amount to be determined at trial;

e.  An award of the costs of this action and reasonable attorney's fees;

f.  All other damages and relief, legal or equitable, authorized under Title VII; and

g.  Such other and further relief as this Court may deem just and equitable.


## COUNT X
### RELIGIOUS DISCRIMINATION: SUSPENSION & TERMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

141.    Paragraphs 1 through 61 are hereby restated and re-alleged as if fully set forth in this Count VIII.

142.    Plaintiff has a sincerely held belief in the religion of Kriya Yoga.

143.    Plaintiff twice sought an accommodation for her religious practices by writing "Karma to Andre" or abbreviated as "KTA" on the visitor sheet she was forced to sign everyday.

144.    This act was religious in nature in accordance with Kriya Yoga.

145.    Defendant failed to accommodate Plaintiff's religious practice.

146.    Defendant suspended her for this religious practice in August 2016.

147. Defendant also discriminated against Plaintiff by ultimately terminating her a few months after her suspension.

148. Plaintiff was terminated because of her religion.

149. By conduct including but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under Title VII

150. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Denise Van Vliet seeks the following relief:

a. Declaration that Defendant Illinois Department of Human Services has violated Plaintiff's rights under Title VII;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d. An award of punitive damages in an amount to be determined at trial;

e. An award of the costs of this action and reasonable attorney's fees;

f. All other damages and relief, legal or equitable, authorized under the Title VII; and

g. Such other and further relief as this Court may deem just and equitable.

### COUNT XI
### RELIGIOUS DISCRIMINATION: HOSTILE WORK ENVIRONMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

151. Paragraphs 1 through 61 are hereby restated and re-alleged as if fully set forth in this Count VIII.

152.    Plaintiff has a sincerely held belief in the religion of Kriya Yoga.

153.    Plaintiff twice sought an accommodation for her religious practices by writing "Karma to Andre" or abbreviated as "KTA" on the visitor sheet she was forced to sign everyday.

154.    This act was religious in nature in accordance with Kriya Yoga.

155.    Defendant engaged in a series of harassment including but not limited to

      i.  Defendant failed to accommodate Plaintiff's religious practice.

      ii.  Defendant retaliated against Plaintiff by suspending her for this religious practice in August 2016.

      iii.  Defendant retaliated against Plaintiff by ultimately terminating her a few months after her suspension.

156.    Plaintiff was terminated because of her religion.

157.    Plaintiff was subjected to severe harassment due to her religion during her employment with Defendant Illinois Department of Human Services which created a hostile working environment and altered the terms and conditions of her employment.

158.    The religious discrimination inflicted on Plaintiff was perceived by her to be highly offensive and pervasive.

159.    The religious discrimination inflicted on Plaintiff was objectively offensive, such that a reasonable person would consider the treatment to be extremely offensive and abusive.

160.    Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under Title VII.

161.     By conduct including but not limited to that described above, Defendant acted

with malice or reckless disregard for Plaintiff's federally protected rights under Title VII.

162.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff

suffered and continues to suffer substantial losses in wages and benefits, other past and

future pecuniary losses, great emotional distress, mental anguish, humiliation, and

embarrassment.

**WHEREFORE**, Plaintiff Denise Van Vliet seeks the following relief:

a.  Declaration that Defendant Illinois Department of Human Services has violated Plaintiff's

rights under Title VII;

b.  An award of all salary, wages, and benefits including, but not limited to: back pay, front

pay, past and future pecuniary losses, and prejudgment interest;

c.  An award of compensatory damages in an amount to be determined at trial;

d.  An award of punitive damages in an amount to be determined at trial;

e.  An award of the costs of this action and reasonable attorney's fees;

f.  All other damages and relief, legal or equitable, authorized under the Title VII; and

g.  Such other and further relief as this Court may deem just and equitable.


**COUNT XII**
**DISABILITY DISCRIMINATION: ASSOCTIONAL DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT**

163.     Paragraphs 1 through 61 are hereby restated and re-alleged as if fully set forth in

this Count VII.

164.     Plaintiff was a qualified individual who had an association with Mr. Robarts, a

disabled person due to him being deaf, because she was his sign language interpreter.

165.     Plaintiff complained about his treatment on multiple occasions.

166.     Plaintiff was terminated because of this association.

167.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff

suffered and continues to suffer substantial losses in wages and benefits, other past and

future pecuniary losses, great emotional distress, mental anguish, humiliation, and

embarrassment.

**WHEREFORE**, Plaintiff Denise Van Vliet seeks the following relief:

a.  Declaration that Defendant Illinois Department of Human Services has violated Plaintiff's

rights under the ADA;

b.  An award of all salary, wages, and benefits including, but not limited to: back pay, front

pay, past and future pecuniary losses, and prejudgment interest;

c.  An award of compensatory damages in an amount to be determined at trial;

d.  An award of punitive damages in an amount to be determined at trial;

e.  An award of the costs of this action and reasonable attorney's fees;

f.  All other damages and relief, legal or equitable, authorized under the ADA; and

g.  Such other and further relief as this Court may deem just and equitable.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury

in this action.

Respectfully Submitted,
Denise Van Vliet

Page **24** of **25**

By: _____
Kevin F. O'Connor

Dated: April 24, 2017

Kevin F. O'Connor (ARDC # 6300449)
Heewon O'Connor (ARDC # 6306663)
Ryan O. Estes (ARDC # 6312755)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste. 312
Elmhurst, IL 60126
Tel.  630-903-6397
Fax. 630-658-0336
kevin@oconnor-oconnor.com
heewon@oconnor-oconnor.com
ryan@oconnor-oconnor.com